IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARVIN BROWN,**

    **Petitioner,**

vs.                                           **No. 07 CV 897 RB/WDS**

**MIKE HEREDIA, Warden, and
GARY K. KING, Attorney General for the
State of New Mexico,**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Petitioner Marvin Brown's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, §2241. [Doc. No. 1]. Petitioner, appearing *pro se*, filed his Application on September 10, 2007. Respondent filed an Answer, with accompanying Exhibits and a Motion to Dismiss and Memorandum in Support on December 3, 2007. [Doc. Nos. 11, 12 and 13]. Petitioner responded to the Motion to Dismiss on January 7, 2008. [Doc. No. 14]. The United States Magistrate Judge, having reviewed pleading and the applicable law, recommends that Petitioner's Application for a Writ of Habeas Corpus be DENIED and that Respondents' Motion to Dismiss be GRANTED..

PROPOSED FINDINGS

1. Petitioner is in the lawful custody of Respondent Heredia pursuant to a Judgment, Sentence and Commitment filed in the Second Judicial District Court, County of Bernalillo, State

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

of New Mexico on September 14, 1994. [Doc. No. 11, Ex. A]. On May 6, 1993, Petitioner was convicted of several felonies and sentenced to a term of 26 years. *Id.*

2. On July 19, 2006, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S. C. §2241in the Third Judicial District Court, County of Dona Ana, State of New Mexico. [Doc. No. 11, Ex. B]. In his state court petition, Petitioner raised five claims. *Id*. The first was that there was an illegal and/or improper determination of his custody placement and transfer, assignmnet of custody level and assessment of custody points. *Id*. His second claim surrounded a disciplinary misconduct report that was issued on March 15, 2005. *Id*. His third claim concerned the alleged improper charging of infractions contrary to the NMCD's Disciplinary Offense Scale. *Id*. The fourth claim dealt with an issue involving good time credits. *Id*. And, lastly, Petitioner's fifth claim concerned religious freedom/expression issues. *Id*.

3. On August 24, 2006, an Order Summarily Dismissing Petition for Writ of Habeas Corpus was entered in state district court, dismissing Petitioner's claims. [Doc. No. 11, Ex. C]. The order dismissing Petitioner's claims stated that "defendant may seek review of this denial by petitioning the New Mexico Supreme Court for a writ of certiorari within thirty (30) days of the entry of this order pursuant to Rule 5-802(H) NMRA." *Id.*

4. The New Mexico Supreme Court received Petitioner's Petition for Writ of Certiorari and accompanying documents on September 29, 2006. [Doc. No. 11, Ex. D]. The court did not accept the petition and documents for filing on the grounds that they were not timely filed under Rule 12-501(B) NMRA and because Petitioner failed to attach a copy of the district court's dismissal, contary to Rule 12-501(C) NMRA. *Id.*

5. Petitioner filed his Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, §2241with this Court on September 10, 2007. [Doc. No. 1]. In his federal application, Petitioner

makes the same claims that he made in his state court petition. *Id*.

6. Respondents answered and filed a Motion to Dismiss and Memoradum in Support on December 3, 2007. [Doc. Nos. 10, 11 and 12]. Respondents request that the Court dismiss Petitioner's application on the grounds that Petitioner has not exhausted his claims in state court; that Petitioner's failure to seek discretionary certiorari review by the New Mexico State Supreme Court constitutes procedural default; and, that Petitioner has failed to state a meritorious constitutuional claim cognizable uder 28 U.S.C. §2254. *Id.*

7. Petitioner argues that he timely submitted his Petition for Writ of Certiorari with the New Mexico Supreme Court by placing his petition in the jail's legal mailing system on September 23, 2006 (apparently referring to the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266 (1988) that pro se prisoner's federal notice of appeal deemed "filed" when delivered to prison officials). Petitioner's Motion in Opposition to Respondent's Motion to Dismiss. [Doc. No. 14]. Petitioner also makes several other arguments regarding the submission of his petition and how it was handled by the New Mexico Supreme Court including that fact that there is no docket entry by the clerk showing that the New Mexico Supreme Court received his writ on September 29, 2006, that the Appellate Court Clerk did not follow appropriate procedures, that a staff attorney does not have the authority to respond to Petitioner's writ or take Petitioner's records from the Clerk's office, that Petitioner wasn't properly advised regarding his petition and that Petitioner was not required to attach a copy of the district court's dismissal to his petition because he is indigent. Id.

## DISCUSSION

8. Petitioner's application will be construed as one brought under 28 U.S.C. §2241 because the petition challeges only the execution of petitioner's sentence, rather than the fact of his conviction. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)(construing a §2254 petition

as one falling under §2241 because it challenged the execution of the sentence). *See also, Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)(attack on the execution of a sentence as it affects the duration of confinement fits better under §2241).

      9. Whether construed under §2241 or §2254, it makes little difference with respect to the issue of exhaustion or procedural default since those rules are applied in the same manner to both types of petitions. *Montez*, 208 F.2d at 866. A state prisoner bringing a federal habeas petition bears the burden of showing that he exhausted state remedies. *Miranda v. Cooper*, 967 F.2d 392, 298 (10th Cir. 1992).

      10. A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless, "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1). The exhuastion requirement is satisfied if the federal issue was properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Tenth Circuit has held that a state prisoner does not fully exhaust state remedies without timely seeking ceritorari review with the state supreme court. *Barnett v. LaMaster*, 167F.3d 1321, 1323 (10th Cir. 1999)(citing *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992); *Watson v. State of New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995).

      11. The filing of a petition for certiorari in New Mexico must occur within thirty days of the district court's decision and is not subject to the mailbox rule. *Adams v. LeMaster*, 223 F.3d 1177 (10th Cir. 2000), *Lucero v. Tafoya*, 49 Fed.Appx. 196 (10th Cir. 2002). The Court finds that Petitioner did not timely file his Petition for Writ of Certiorari with the New Mexico Supreme Court.

      12. When a petitioner has failed to fulfill the exhaustion requirement, a court will generally

dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies. *Demarest v. Price,* 130 F.3d 922, 939 (10th Cir. 1997).  However, this disposition "is not approriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds."  *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).  A claim is procedurally defaulted for purposes of federal habeas review if the petitioner does not obtain timely review of the trial court decisions by the New Mexico Supreme Court.  *Watson*, 45 F.3d at 387; *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993).  When the New Mexico Supreme Court denies a petition as untimely, without considering the merits, it is an independent and adequate state gound for denying relief.  *See Ballinger*, 3 F.3d at 1374.

13. Petitioner's claims are procedurally defaulted by virtue of his untimely application for writ of certiorari with the New Mexico Supreme Court.

14. Petitioner can excuse his default if he can show that some objective fact external to the defense impeded his efforts to raise the defaulted claims in state court.  *Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995).  Objective factors that constitute cause include interference by officials making compliance with the procedural rule impracticable or a showing that the factual and legal basis of the claim was not reasonably available.  Id.

15. Alternatively, Petitioner may prevail in the face of a procedurally defaulted claim if he can demonstrate that denial of his claims will result in a fundamental miscarriage of justice.  *Smith v. Murray*, 477 U.S. 527, 537 (1986).  In the context of procedural default, a "fundamental miscarriage of justice" involves extraordinary circumstances such as when a constitutuional violation probably has caused the conviction of one innocent of the crime.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

16. Because Petitioner failed to timely file a petition for writ of certiorari and because he

does not show that some objective fact external to his defense impeded his efforts to raise the defaulted claims in state court or a fundamental miscarriage of justice, he is procedurally barred from raising these isses in this federal habeas petition.  Thus, the Court recommends dismissal of Petitioner's petition and further recommends that Respondents' Motion to Dismiss be GRANTED.

CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petitioner has failed to establish that he is in custody pursuant to a State court judgment in violation of the Constitution of the United States.

_____
**W. Daniel Schneider**
**UNITED STATES MAGISTRATE JUDGE**